CALVIN L. ROBINSON, ET AL. VS. PETER JONES, ET AL.

The right to be a municipal corporation is a franchise which the State
    may grant or withhold at its pleasure.  The right to file an informa-
    tion in the nature of a *quo warranto*, or to institute a civil action to ar-
    rest a usurpation of such a franchise, does not belong to the individual
    citizen.  The right to institute such proceedings against an existing
    *de facto* municipal corporation is in the State, and the institution of
    the action is a matter in the discretion of the Attorney General. .

Appeal from the Fourth Judicial Circuit, Duval County.
A statement of the case is found in the opinion of the
court. ·

, *Call & Basnett* for Respondents.

, *A. A. Knight* for Appellants.

WESTCOTT, J.; delivered the opinion of the court.

The plaintiffs in this complaint seek a judgment perpetu-
ally enjoining the defendants from exercising any corporate
rights, franchises or privileges appertaining to a municipal
corporation ; that the defendants have associated themselves
together as a municipal corporation, under the name of the
city of Jacksonville, and are exercising the franchises of a
municipal corporation, without having been first duly incor-
porated, are the general facts set forth as the ground for the
relief thus demanded.

The other facts alleged are merely the acts set forth as
evidence of the existence of these general facts or conclu-
sions.  To this complaint a demurrer was interposed by the
defendants.  Among the grounds of the demurrer are the
following :  " That there is a defect of parties plaintiff to the
suit, the State of Florida being a necessary party," and that
" the complaint does not state facts sufficient to constitute a
cause of action."  This demurrer was overruled, the defen-

dants excepted, and upon appeal this judgment is brought here for review. The demurrer in this case, it will be perceived, therefore raised this question. Admitting these two facts, that the defendants are not duly incorporated as alleged and that they are in the actual exercise of municipal corporate functions as the city of Jacksonville, have the plaintiffs the right to a perpetual injunction against them prohibiting the exercise of the right and franchise to be a municipal corporation ? We examine this question in two aspects. What was the rule before the Code ? What is the rule since its enactment ? This complaint is against " *certain individuals for claiming to act as a corporation.*" It is brought by *other individuals* who seek to enjoin the persons so claiming the right to act, and acting as a corporation from so acting upon the ground that they were never duly incorporated. Anterior to the Code, the remedy for this wrong was in a court of law, through the instrumentality of an information in the nature of a *quo warranto*. Such a case depending entirely upon the solution of a dry legal question, the proper and exclusive forum for its determination was a court of law. *The process of injunction could not have been invoked even by the Attorney General in behalf of the State in such a case.* 17 Ves. 491; 2 Kent Com. par. 313, page 367, 8th edition ; 24 Ala. 401 ; 22 Iowa 75. Says Chancellor Kent : " This remedy must be pursued at law, and there only." It is unnecessary to say anything more as to the remedy.

We next inquire where and in whom *was the right of action* under the state of facts here disclosed ? At common law no such right of action existed in the individual corporator or subject. The right to be a municipal corporation did not emanate from individuals, but from the crown. It was a franchise of the crown which was withheld or granted at pleasure, depending in no sense upon the assent of the subject. The rule was that the right to file such an information against an existing *de facto* corporation claiming the

right to, and actually exercising the franchises and powers of a municipal corporation, was only in the crown through its proper officer. Rex vs. Ogden et al. 10 B. & C. 230. Cole on Informations, par. 124, page 97. It is true that whenever the corporation exceeded its powers, committing any trespass or wrong against an individual, there the individual has his right of action either at law or in equity, according as the nature of his injuries might indicate the one or the other to be the proper forum, but he had no right to go beyond this and to assume to correct a general usurpation of a franchise of this character upon the ground that the individuals claiming the franchise were not duly incorporated. So, in this country, the right to be a municipal corporation does not emanate from the citizen. It is a franchise which the State grants or withholds at its pleasure; nor does the existence of a municipal corporation necessarily depend upon any assent of the persons inhabiting the locality proposed to be invested with such franchises, powers or duties. This is a matter of pure legislative discretion, as it is entirely within the power of this department of the government to force that capacity upon such persons by positive legislation to that effect. We thus see that before the Code the process of injunction could not be invoked in such a case by either the citizen or representative of the crown or State; in other words, that it was a wrong remediable exclusevely at law. We also see that the right of action, the right to demand judgment of ouster or forfeiture in such a case, existed only in the crown or State, to be put in motion by the officer of the crown or State at his discretion, and that no such right existed in the citizen or individual corporator.

What effect has the Code upon the remedy, as well as the right of action, as we have defined them, is the only remaining question.

*First*—As to the matter of the remedy.

The general purpose, intent and effect of the Code is to regulate the practice through which existing legal or equita-

ble rights are to be enforced, and not to confer additional legal or equitable rights. As to the matter of injunction, the remedy sought to be invoked here, the rule of the Code is that whenever any specific provision of the Code sanctions an injunction, there it can be invoked whether authorized by the antecedent practice or not, and whenever no specific provision sanctions an injunction, there it cannot be granted, unless sanctioned by the antecedent law controlling the subject. Applying this rule to the present case, we find nothing in the Code upon the subject of injunctions which would authorize or sustain the court in granting the relief demanded in this case.

*Second*—What effect has the Code upon the right of action? Has it changed the common law upon the subject, so far as it is involved in this case?

The Code provides that the remedies heretofore obtainable by proceedings by information in the nature of a *quo warranto*, may be obtained by civil actions under the provisions of this act. What are the provisions of this act (the Code) with reference to the action to be instituted to correct the wrong set up in this complaint?

The Code provides that "an action may be brought by the Attorney General in the name of the State, upon his own information, or upon the complaint of any private party when any association or number of persons shall act within this State as a corporation without being duly incorporated." Code, Sections 359, 363.

This is the case made by this complaint. The effect of the Code is simply to affirm and to continue the common law rule as to the right of action, at the same time authorizing that right of action to be asserted through the instrumentality of a civil action under its provisions. We have heretofore held that the Code does not in such a case as this exclude or abolish the remedy by information. It simply permits the remedy before obtained through that process alone, to be obtained by the additional method of a civil ac-

tion. The Code does not operate to vest this right of action in the individual in a case of this kind. The Supreme Court of New York, in the case of the People vs. the Attorney General, (22 Barb. 117,) use this language in reference to an action under this provision of the Code : "Although private rights are more or less involved in the action, yet it is in substance as well as in form an action in behalf of the people. It must be prosecuted in their name and by the officer whose duty it is to protect their rights. The language of the statute, too, is guarded. An action *may* be brought by the Attorney General. It is permissive. The power merely is conferred. It is for him to determine whether a fit case is presented. The only remedy is by an action in the name of the people." Here the action should be brought in the name of the State to comply with the letter of the Code and the Constitution, and in the State in a case of this kind the right of action only exists.

There are several objections made to the complaint which we have not considered. The view we take of the merits renders it unnecessary.

Our conclusion is that the complaint does not state facts sufficient to constitute a cause of action in the plaintiffs ; that the facts set forth, if they show any cause of action, show a cause of action in the State ; that the court has no authority to make the State a party plaintiff except upon the motion of the Attorney General, as the institution of any action by the State is entirely in his discretion in a case of this kind, and he is not subject to judicial control in its exercise.

The judgment of the Circuit Court overruling the demurrer is reversed. The case is remanded, with directions to enter a final judgment sustaining the demurrer and dismissing the complaint.