[No. 1332.]

THE STATE OF NEVADA, Respondent, *v.* CENTRAL PA-
. CIFIC R. R. CO., Appellant.

School Taxes—School District Organization—Estoppel.—Where a school district has been in existence since 1871 and has continued during that time to receive public funds for its support and has had three special taxes levied and collected for its benefit without its legal organization ever having been questioned, a taxpayer on whose property such a tax is levied is precluded from attacking the legality of the organization of the district.

Assessment Of Railroads.—Under the statute assessors are required to estimate the value of railroads with reference to their position, connections and use, and "as an integral part of a complete, continuous, and operated line of railroad, and not as so much land covered by the right of way merely, nor as so many miles of track consisting of iron rails, ties and couplings."

Appeal from the District Court of the state of Nevada, Lander county.

*A. L. Fitzgerald,* District Judge.

The facts sufficiently appear in the opinion.

*Baker & Wines,* for Appellant.

I.  No sufficient or valid order of the board of county commissioners creating Argenta school district was ever made.  A board of county commissioners is a tribunal of special and limited jurisdiction, and every jurisdictional fact necessary to the legal action of the board must be affirmatively shown, nor can the facts showing jurisdiction be supplied by parol. (*Mallet* v. *U. S. M. Co.,* 1 Nev. 188, 198, 199; *McDonald* v. *Prescott,* 2 Nev. 109; *State* v. *Board,* 5 Nev. 317, 319; *State* v. *County Commissioners,* 6 Nev. 95; *State* v. *C. P. R. R.,* 9 Nev. 79, 89; *Finch* v. *County,* 29 Cal. 454; *Appeal of Royston,* 53 Wis. 612; *People* v. *Spencer,* 55 N. Y. 1.)  The complaint does not state the necessary jurisdictional facts which must precede the levy and collection of a special school tax. (*People* v. *Castro,* 39 Cal. 65.)  The evidence did not even approach a showing of the extent or boundaries of Argenta school district nor whether any of the property sought to be taxed was situate within, or without such pretended district.  Courts will not take judicial notice of the boundaries or extent of a municipal corporation,

unless it be one created by a public act of the legislature. As school districts are created by the board of county commissioners, and not by the legislature, their extent, and what property is embraced in them, must always be shown, as any other fact, upon the trial. (*Porter* v. *Waring*, 69 N. Y. 250; *Bragg* v. *Rush Co.* 34 Ind. 406; 1 Greenleaf Ev. Sec. 6, sixth edition.)

II.   The assessor determined the value of appellant's property by taking into account and considering false quantities and estimates not recognized by law. Such assessment is a legal fraud upon the taxpayer and the courts are justified in giving relief. (*State* v. *C. P. R. R. Co.* 7 Nev. 99; *State* v. *C. P. R. R. Co.* 10 Nev. 47; *Spring Valley Water Case*, 25 Pac. Rep. 420; *Chicago R. R. Co.* v. *Minnesota*, 134 U. S. 418.) An intention upon the part of the assessor to commit a wrong, or to injure the taxpayer, is not necessary. He may commit a fraud and yet act in good faith. If, in determining values, he considers elements which do not properly enter into, or make up, such values, it is a fraud which the courts will not permit to go un-redressed. (*Durdee Mortgage Trust Co.* v. *Parrish*, 24 Fed. Rep. 197, 202; *Cummings* v. *National Bank*, 101 U. S. 153.)

*J. F. Alexander*, Attorney General, *W. D. Jones*, District Attorney of Lander county, and *Henry Mayenbaum*, for Respondent.

I.   The motion for a new trial was too late. Defendant waived written notice and is stopped from claiming that it had no written notice of the decision. (*Corbett* v. *Swift*, 6 Nev. 195; *Keane* v. *Murphy*, 19 Nev. 96; *Barron* v. *Deleval*, 58 Cal. 98; *Georgia Lumber Company* v. *Strong*, 3 How. Pr. 246.)

II.   There is no evidence whatever showing any pretense of fraud. Fraud being a question of fact the finding of the court is conclusive. Our statute providing for ascertaining, assessing and fixing the value of any railroad for taxation is the rule everywhere. Any other rule is absurd and would almost entirely exempt from taxation the enormous and constantly increasing property in railroads. (*Ohio & Mo. R. R.* v. *Weber*, 96 111 443; *State* v. *C. P. R. R.*, 10 Nev. 71; Welty's Taxation, Sec. 142; *State R. R. Tax Cases*, 92 U. S. 580, 608, 611; *Western Union Tel.* v. *Massachusetts*, 125 U. S. 530; *Buffalo & State Line R. R.* v. *Board*, 48 N. Y. 93; *Tomlinson* v. *Board*, Tenn.

Oct. 1889, 12 S. W. 414.)   There being no fraud the assessment and equalization are conclusive. (*People* v. *Whyler*, 41 Cal. 351; *San Francisco* v. *Flood*, 64 Cal. 504; *People* v. *State Board of Equalization*, 102 N. Y. 630; Cooley's Taxation, 528-9 and note authorities cited; *Stanley* v. *Albany*, 121 U. S. 535, 549, 551; *Atlantic & P. R. R. Co.* v. *Yavapai Co.* 21 Pac. Rep. 769; *In re McLean, Receiver of Taxes*, 6 N. Y. Sup. 230; *Red River & C. Line* v. *Parker*, La 6 Southern Rep. 896; *Upshur County* v. *Rich*, 10 U. S. S. C. Rep. 651.)   The findings are conclusive.   There was no exception taken to them and defendant did not request further findings.   (*McCluskey* v. *Gerhauser*, 2 Nev. 47; *State* v. *Manhattan*, 4 Nev. 336; *Warren* v. *Quill*, 9 Nev. 259; *Young* v. *Clute*, 12 Nev. 36.)   The findings are not disturbed when the evidence is conflicting and there is substantial evidence to support them.   (*State* v. *C. P. R. R.*, 10 Nev. 87; *State* v. *Yellow Jacket*, 5 Nev. 415; *Blackie* v. *Cooney*, 8 Nev. 41; *McCoy* v. *Bateman*, 8 Nev. 126; *Bunting* v. *C. P. R. R.*, 16 Nev. 280.)

III. The order of the board of county commissioners in 1871, creating Argenta school district is conclusive.   The recital shows that a petition was filed praying for the creation of the district. (Wharton's evidence, S. 639; Dillon's Municipal Corporations, p. 311, 3 Ed.; *State* v. *Board of Commissioners*, 8 Nev. 309; *Hetzel* v. *Board of Commissioners*, 8 Nev. 359; *Full* v. *Commissioners*, 6 Nev. 103; *Hagenmeyer* v. *Bd. of Equal.* 23 Pac. Rep. 14; *Humboldt Co.* v. *Dinsmore*, 75 Cal. 604 )   The school district was recognized by the state.   The school trustees constitute a public corporation and their acts, whether *de jure* or *de facto* cannot be collaterally questioned; nor can the existence of the district be collaterally attacked. (*Walcott* v. *Wells*, 24 Pac. Rep. 367; *People* v. *Hagar*, 52 Cal. 172; *Macon Co.* v. *Shores*, 97 U. S. 277; Borrough's Taxation, 399, 400; Dillon's Municipal Corporations, Vol. 1, 3 Ed. 43, 60, 311, 240; Lawson's Presumptive Evidence, 47, 49; *Meagher* v. *Storey Co.* 5 Nev. 245; 1 Taylor's Evidence, 187; *Mendenhall* v. *Burton*, 22 Pac. Rep. 558; Abbott's Trial Evidence, 193.)   The statute of limitations has long since precluded any question of the existence of the school district.   It was organized in 1871, has been in operation ever since with the acquiescence of the state, the county, the people and the defendant.   It has for nineteen years received its distributive share of the public funds and has had three special taxes, of which defendant paid its proportion

without objection. (*Ramsey* v. *People*, 19 N. Y. 42; *Sherry* v. *Gilmore*, 17, N. W. Rep. 252, 255; *Hunt* v. *Johnson*, 19 N. Y. 279; *Stewart* v. *Kalamazoo*, 30 Mich. 69.)

By the Court, BELKNAP, C. J.:

In an action for the recovery of delinquent taxes, judgment was rendered against defendant for the sum of twenty-four thousand two hundred and nine dollars and seventy-three cents for taxes and penalties, together with the district attorney's fees, and costs of suit. Included in the judgment is the sum of one thousand one hundred and six dollars and ninety-eight cents, with penalities, the amount of a special school tax levied upon the property of the defendant in the Argenta school district.

One of the objections is that this school district was not organized in conformity with the provisions of the statutes of the state relating to the formation of school districts, and that the levy of the school tax was, therefore, illegal. It was shown that the district had been in existence since the year 1871; that, from that time down to the time of trial, it had received from the school fund of the county, for its support, moneys aggregating the sum of twenty-four thousand three hundred and seventy two dollars and ninety cents; that three special taxes had been levied and collected for its benefit, and, apparently, no question of the legality of its organization had ever been made. Upon these facts, defendant is precluded from attacking the legality of the organization of the district. In support of this conclusion we rely upon the principles announced in the case of *Stuart* v. *School District*, 30 Mich. 69. In that case, complainants resisted the enforcement of a school district tax for the reason now urged by defendant. The district had exercised the powers and privileges of a school district for thirteen years, with the acquiescence of the public. The court said: "Whether this particular objection would have been worthy of serious consideration had it been made sooner, we must, after this lapse of time, wholly decline to consider. This district existed *de facto*, and we suppose *de jure*, also, for we are not informed to the contrary, when the legislation of 1859 was had, and from that time to the present it has assumed to possess and exercise all the franchises which are now brought

in question, and there has since been a steady concurrence of action on the part of its people in the election of officers, in the levy of large taxes, and in the employment of teachers for the support of a high school. The state had acquiesced in this assumption of authority, and it has never, so far as we are advised, been questioned by any one until, after thirteen years use, three individual taxpayers, out of some thousands, in a suit instituted on their own behalf, and to which the public authorities give no countenance, come forward in this collateral manner and ask us to annul the franchises. To require a municipal corporation, after so long an acquiescence, to defend, in a merely private suit, the irregularity, not only of its own action, but even of the legislation that permitted such action to be had, could not be justified by the principles of law, much less by those of public policy. We may justly take cognizance in these cases of the notorious fact that municipal action is often exceedingly informal and irregular, when, after all, no wrong or illegality has been intended, and the real purpose of the law has been had in view and been accomplished; so that it may be said the spirit of the law has been kept, while the letter has been disregarded. We may also find in the statutes many instances of careless legislation, under which municipalities have acted for many years, until important interests have sprung up, which might be crippled or destroyed, if then for the first time, matters of form in legislative action were suffered to be questioned. If every municipality must be subject to be called into court at any time to defend its original organization and its franchises at the will of any dissatisfied citizen who may feel disposed to question them, and subject to dissolution, or to be crippled in authority and powers if defects appear, however complete and formal may have been the recognition of its rights and privileges, on the part alike of the state and its citizens, it may very justly be said that few of our municipalities can be entirely certain of the ground they stand upon, and that any single person, however honestly inclined, if disposed to be litigious, or over technical and precise, may have it in his power in many cases to cause infinite trouble, embarrassment and mischief." (Pages 72, 73.)

The other objection arises out of an alleged overvaluation, and, therefore, fraudulent valuation, of defendant's railroad in Lander county.

Points decided.

The line of railroad was assessed at fourteen thousand dollars per mile. The board of equalization reduced the assessment to twelve thousand dollars. Defendant introduced evidence tending to show that a similar line of road could be constructed in Lander county at a cost not exceeding nine thousand dollars per mile. It is contended that the assessment should not exceed this figure, and that the valuation should be reached by considering the road as an isolated piece of property situated in Lander county, without reference to its connections at either end. The statute, however, requires assessors to estimate the value of railroads with reference to their position, connections and use, and "as an integral part of a complete, continuous, and operated line of railroad, and not as so much land covered by the right of way merely, nor as so many miles of track consisting of iron rails, ties, and couplings." (Stat. 1875, p. 106.)

Tested by this rule, there is no evidence tending to show an overvaluation of the railroad.

The judgment and order of the district court are affirmed.