E. S. GAULDEN, J. L. MIKELL AND M. J. DRIGGERS, IN THEIR OWN RIGHT, AND W. M. FUTCH, H. McN. WADE, AND T. A. McQUEEN, AS TRUSTEES OF SPECIAL TAX SCHOOL DISTRICT NUMBER 5 OF LAFAYETTE COUNTY, FLORIDA, *Appellants,* v. R. A. BELLOTTE, J. R. ROBERTS AND G. J. HATCH, *as* TRUSTEES OF SPECIAL TAX SCHOOL DISTRICT NUMBER 48 OF LAFAYETTE COUNTY, FLORIDA, AND J. W. FIELDING, AS COUNTY TREASURER OF LAFAYETTE COUNTY, FLORIDA, *Appellees.*

Opinion Filed January 26, 1920.

Petition for Rehearing Denied March 27, 1920.

1.  Where it affirmatively appears from the records of a county board of public instruction that a petition was filed in due form for the creation of a special tax school district and that trustees were elected and a special tax levied for such district, and that continuously thereafter, and for several years without question said district was recognized and functioned as a special tax school district, the legality of the organization or existence of such district can not be collaterally questioned even though the records fail to affirmatively show a full compliance with the law in the establishment of such district.

2.  Where there has been a *bona fide* attempt, based on a valid petition, to create a special tax school district followed by the exercise of the functions of such a district, the legality of such district can not be questioned except by the State in a direct proceeding.

3.  A special tax school district can not be overlapped, altered or amended by the establishment of another district.

An Appeal from the Circuit Court for Lafayette County; M. F. Horne, Judge.

Decree reversed.

*C. C. Howell* and *P. B. Howell,* for Appellants;

*W. P. Chavous,* for Appellees.

REAVES, Circuit Judge.—The Trustees and certain tax-payers of Special Tax School District Number 5 of Lafayette County filed their bill in equity against the Trustees of Special Tax School District Number 48 of said county and against the County Treasurer seeking to enjoin the payment to and use by said District 48 of tax money alleged to belong to said District Number 5.

It is alleged that District Number 5 was created in 1908, since which time it has continuously functioned as a Special Tax School District, and that in 1912 District Number 48 was created with boundaries overlapping District Number 5, and that the Trustees of District Number 48 are claiming and receiving the special taxes levied against property in the overlapping territory which ought to go to District Number 5. The prayer is that the further receipt and use of such taxes by District Number 48 be enjoined, and for an accounting and return of all moneys so previously received. The answer puts in issue the legality of the creation of District Number 5 and on final hearing the bill was dismissed, the Chancellor finding and so stating in his decree 't'hat Special Tax School District Number 5 * * * is not a defacto school district, and that its * * * trustees are not a body corporate within the meaning of Sec. 414, Gen'l Stat. of Florida."

No testimony was offered on behalf of respondents, hence we inquire whether complainants have stated and proved a cause of action. The proceeding by which Special Tax School Districts may be established are set forth in Section 400 et seq., General Statutes of 1906. The record evidence does not positively show a full compli-

ance with the law in the establishment of said District Number 5, but it does appear that a petition in due form was filed with the Board of Public Instruction on March 2nd, 1908, that an election was called to be held April 25th, 1908, and that at the same time an election was called to be held in various then existing districts on said date for the purpose of bringing about uniformity in the times of such district elections and that on the 4th day of May the "Board * * * proceeded to canvass the returns from the Special Tax District elections held on the 25th of April" and recorded the names of the trustees elected and the millage adopted in the several districts, including said District Number 5, otherwise known as "Eugene." The record does not affirmatively show that notice of the election was given by advertising nor that said district was established by the requisite vote, but both are clearly inferable from the facts in evidence. It is clearly shown that from the date of said election said District Number 5 continuously functioned as a Special Tax School District as was recognized as such and collected special district taxes upon all the property in the district, as described in the petition, until District Number 48 claimed the special taxes in the overlapping territory now in dispute. Under these circumstances the legality of the formation of District Number 5 was not open to inquiry by District Number 48 nor by the county treasurer, nor in any collateral proceeding. 35 Cyc. 846.

An attempt was undoubtedly made in good faith to organize said Special Tax School District under the law then existing and the district was generally recognized and performed all the functions of such a district for years; it was, therefore, at least a defacto district and as such entitled to full recognition against collateral assault.

Bateman v. Florida Commercial Co., 26 Fla. 423, 8 South.
Rep. 51; Town of Enterprise v. State, 29 Fla. 128, 10
South. Rep. 740; MacDonald v. Rehrer, 22 Fla. 198; State
v. Central Pac. R. Co., 21 Nev. 75, 25 Pac. Rep. 296;
Keweenaw Ass'n v. School-Dist. No. 1 of Tp. of Hancock,
98 Mich. 437, 57 N. W. Rep. 404; Board of Supervisors
v. Thompson, 61 Fed. Rep. 914; Splonskofsky v. Minto,
62 Ore. 560, 126 Pac. Rep. 15; 28 Cyc. 174.

The statute (Section 401) provides that "special tax
districts created under this act shall continue until dis-
established or changed by like proceedings as those by
which they were created." It is therefore obvious that a
district can not be overlapped, altered or changed by the
establishment of another district.

The statute (Section 414) makes the trustees of any
school district a corporation, and on behalf of respon-
dents it is argued that "before there can be trustees
* * * there must be a district duly organized and
created," and that the "trustees * * * could not be a
body corporate unless the school district of which they
were trustees was a corporation duly and legally created."
This argument entirely ignores the settled law that where
there has been a bona fide attempt to create a public or
quasi public corporation followed by the exercise of the
functions of such a corporation, that only the State can
question the legality of its creation. Robinson v. Jones,
14 Fla. 256; MacDonald v. Rehrer, *supra*.

It also erroneously assumes that under the statutes
in question there can be no de facto district. 35 Cyc. 847.

As to the distinction between de jure corporations and
de facto corporations see 10 Cyc. 252; Splonskofsky v.
Minto, *supra*.

The decree is reversed and the lower court directed to enter an appropriate decree for complainants.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the decree herein be, and the same is hereby, reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.