E. B. ELLIOTT CO. v. EUGENE K. TURRENTINE and E. B. ELLIOTT ADV. CO.

151 So. 414.

Opinion Filed December 8, 1933.

*Boozer & Boozer, Waller & Pepper* and *W. C. Hodges,* for Petitioner;

*Paty, Warwick & Lake* and *Newman T. Miller,* for Respondents.

PER CURIAM.—A petition for a writ of certiorari is supported by a transcript of the record which shows that an action for personal injury was brought in the Circuit Court for Palm Beach County by Eugene K. Turrentine against E. B. Elliott Advertising Company, a corporation under the laws of the State of Florida; that a summons to be served on E. B. Elliott Advertising Company, a corporation, was served on "the within named defendant" "by delivering a true copy thereof to Claude Evans as Manager of the E. B. Elliott Advertising Company, a corporation" etc.; an appearance in the cause was entered by "Newman T. Miller as attorney for the defendant E. B. Elliott Advertising Company, a corporation"; the declaration was against "E. B. Elliott Advertising Company, a corporation"; a demurrer to the declaration and other pleadings were filed by Newman T. Miller, who certified that he is "the attorney of record for the defendant E. B. Elliott Advertising Company"; the

rulings of the court referred to E. B. Elliott Advertising Company as being the defendant in the cause; the judgment in the cause was rendered against "the defendant E. B. Elliott Advertising Company, a corporation."

On October 2, 1933, the last day of the term in which the trial was had and the judgment rendered, the plaintiff, Eugene K. Turrentine, filed with the judge of the court a petition in the cause alleging under oath

"That on the 15th day of November, A. D. 1932, the plaintiff, Eugene K. Turrentine, instituted a suit against the defendant, E. B. Elliott Advertising Company; that on said date summons *ad respondendum* were issued directed to E. B. Elliott Advertising Company and said process was served upon an agent of the E. B. Elliott Company, a corporation, on North Poinsettia Street in the City of West Palm Beach, Florida, at the offices of the E. B. Elliott Company; that the E. B. Elliott Company, a corporation, filed an appearance in this case in the name of E. B. Elliott Advertising Company and filed pleas in said name and never by plea or motion called the mistake in name of the corporation to the attention of the court; that on the ____ day of July, A. D. 1933, the case was tried before a jury of six men duly impanelled and your honor, and the defendant was represented by its attorney, Newman T. Miller, who, during the trial of the case did not call the misnomer of the defendant corporation to the attention of the court and on the 11th day of July, A. D. 1933, the plaintiff recovered a final judgment in the sum of $20,000.00 plus costs in the sum of $20 against E. B. Elliott Advertising Company, a corporation, which judgment was duly recorded in the minutes of the Circuit Court of Palm Beach County, Florida, in Minute Book 27, page 274; that on the said 11th day of July, A. D. 1933, an execution was issued on the afore-

mentioned judgment and placed in the hands of the Sheriff of Palm Beach County, Florida.

"Plaintiff would further show unto the court that at the time of the institution of the suit and at the time of the entering of the final judgment above referred to and at all times intervening, there was no corporation in the State of Florida by the name of E. B. Elliott Advertising Company; that the said E. B. Elliott Advertising Company, against which the plaintiff recovered a judgment, and The E. B. Elliott Company are one and the same corporation and that there was a mere misnomer as regards the party defendant.

"WHEREFORE, in view of the premises plaintiff respectfully prays this court amend the process, the declaration, judgment and execution in this cause by naming as party defendant The E. B. Elliott Company, a corporation, in the place and stead of E. B. Elliott Advertising Company."

The defendant "by way of opposition to petitions to amend judgment filed by the plaintiff herein," under oath denies that " 'said process was served upon an agent of the E. B. Elliott Company, a corporation on North Poinsettia Street in the City of West Palm Beach, Florida, at the office of the E. B. Elliott Company;' denies that 'the E. B. Elliott Company, a corporation, filed an appearance in this case in the name of the E. B. Elliott Advertising Company and filed pleas in the said name;' denies that 'at the time of the institution of the suit and at the time of the entering of final judgment above referred to, and at all times intervening, there was no corporation in the State of Florida by the name of E. B. Elliott Advertising Company, and the defendant specifically denies that 'the said E. B. Elliott Advertising Company against which the plaintiff recovered a judgment, and the E. B. Elliott Company, are one and the same corpo-

ration, and that there was a mere misnomer as regards the party defendant.' "

"Defendant would further allege and say that at the time of the institution of this suit and at the time of the entering of the final judgment above referred to and at all times intervening, the E. B. Elliott Advertising Company was a separate and distinct entity and that the E. B. Elliott Company was a separate and distinct entity and that said companies are not now, and never have been, one and the same corporation."

There were other averments not necessary to be stated here.

The court made the following order on the petition and the objections thereto:

"IT IS ORDERED AND ADJUDGED that plaintiff's petition to amend the judgment be granted, and that the process, declaration, judgment and execution in this cause be and it is hereby amended by naming as party defendant the E. B. Elliott Company, a corporation, in the place and stead of E. B. Elliott Advertising Company, and

"IT IS FURTHER ORDERED AND ADJUDGED that forty-five days from date be allowed for the purpose of settling such bill of exceptions, if any, that the Court may be authorized to settle."

As the petition to amend the proceedings and the judgment was filed in the cause by the judge of the court on the last day of the term and was pending when the court adjourned for the term, the petition could be disposed of during the succeeding term of the court.

While the court has the power to duly correct the names of parties in proceedings and judgments of the court so as to make the record speak the truth as to the parties who are in fact and in law before the court in a cause and subject

to the judicial proceedings and judgments of the court; yet where such corrections of the names of parties may involve questions of jurisdictions over parties to the cause, proofs or admissions and findings should precede an order making corrections in the names of parties to an action because of alleged misnomer or otherwise. Where there are no such proceedings and findings to support an order correcting the name of the party defendant against whom a judgment has been rendered, such order may be quashed on certiorari so that proper proceedings may be had in due course of law to support the order.

There are inferences that may be drawn from the sworn petition and the sworn reply thereto and exhibits, to support the order made by the court substituting the name "E. B. Elliott Company, a corporation" for "E. B. Elliott Advertising Company, a corporation" as the real party defendant in the action, yet the rule above stated requiring appropriate proofs and findings to support the order substituting names should be observed where questions as to jurisdiction of the court over the parties to the cause may be involved.

The writ of certiorari is granted and the order of the court is quashed, without prejudice to appropriate proceedings being had as the basis for an appropriate order to be arrived at in accordance with the law as stated in this opinion.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., not participating because of illness.

DAVIS, C. J. (concurring).—I concur with this additional observation. Where an order is made which so changes the *prima facie* identity of the parties of record against whom judgment has been entered in a cause as to amount to what

would appear to be (but is not in fact) the naming of a different judgment defendant, the Court in its order making the change of name another identification should affirmatively recite the jurisdictional facts found to exist as a basis for the order made. This is certainly the better practice since a court of record can speak with authority only through what its record is made to show respecting the actual identity of parties litigant.