Lena L. Lersch v. The Board of Public Instruction for the County of Orange, *et al.*

164 So. 281.
Opinion Filed November 27, 1935.
Rehearing Denied December 14, 1935.

*Lena L. Lersch, in pro. per.,* for Appellant;

G. B. Fishback, for Appellees.

Terrell, J.—The bill of complaint in this cause was filed by appellant as complainant and alleged that Special Tax School District No. 15 of Orange County was created in 1901 pursuant to Section 561 and 562, Revised General Statutes of 1920, Sections 701 and 702, Compiled General Laws of 1927, that complainant is the owner of Tract 91,

McNeal's Orange Villa, in Section 29, Township 21, Range 29, Orange County, located in said Special Tax School District, that in June, 1935, a petition signed by more than one-fourth of the residents who were qualified electors and who paid a tax on real or personal property in said Special Tax School District was presented to the Board of Public Instruction of Orange County, requesting that an election be called and held for the purpose of determining whether or not bonds should be issued for the purpose of constructing a public school building in said Special Tax School District, that said petition was duly considered and the election was called, advertised, and held according to law, resulting in an unanimous vote in favor of the issuance of said bonds, that a majority of the qualified electors of the district who were freeholders participated in said election, but that a majority of those participating owned no taxable property in the district other than a homestead which is of less value than $5,000.00 and was exempt from taxation under Section 7, Article X of the Constitution.

The bill further alleges that the issuance of said bonds would make it the duty of the Board of County Commissioners to levy and the tax collector to collect Special Tax School District taxes on the lands in the district including the lands of the complainant to pay the interest on and retire said bonds, that the levy and lien of said taxes would cloud the title to complainant's lands, and would amount to the taking of complainant's property without due process of law, contrary to the State and Federal Constitutions. The bill prays that the Board of Public Instruction be enjoined from issuing and selling said bonds or any of them. A motion to dismiss the bill was granted and this appeal is from that decree.

The first question urged for solution is whether or not

Sections 561 and 562, Revised General Statutes of 1920, Sections 701 and 702, Compiled General Laws of 1927, authorizing the creation of Special Tax School Districts provides ample and sufficient notice to property owners within the proposed district to appear and be heard on the question of benefits to their property before having it included in the district.

Section 701, Compiled General Laws of 1927, authorizes the creation of Special Tax School Districts, provides the method of their creation, and the results to be accomplished from the election held for that purpose. Section 702, Compiled General Laws of 1927, specifies the substance of the petition, calling for the election, the duties of the Board of Public Instruction thereunder, its publication, and is as follows:

"The petition mentioned in the preceding section shall prescribe the boundaries of the subdivision of any city or incorporated town or community or subdivision of the county intended to be formed into a special tax school district. The board of public instruction is hereby authorized and required to inspect the said petition and if such inspection discloses that it embraces territory that would be more equitably and properly served by some other existing public school in the said county, not embraced in such territory, it is hereby made the duty of the said board of public instruction to revise the boundaries of such proposed special tax school district before ordering any such election, but shall in no case include territory not included in the original petition, and notice of such change or revision shall be given in the notice of election. Special tax school districts created under this law shall continue until disestablished or changed by like proceedings as those by which they were created. The petition provided for by the

preceding section shall be published once a week for four successive weeks in some newspaper published in the county of general circulation throughout the county and the publication when stated in such petition will be presented to such boards. In case there shall be no newspaper published in the county such petition and notice shall be posted in the manner provided in the next section for the posting of such election."

The statute as quoted was enacted pursuant to Section 10 of Article XII, Constitution of 1885, which in effect authorized the Legislature to provide for the division of any county or counties into convenient school districts, for the election biannually of three trustees, and for the levy and collection of a district school tax for the exclusive use of schools within the district "whenever a majority of the qualified electors thereof that pay a tax on real or personal property shall vote in favor of such levy."

Section 702, Compiled General Laws of 1927, had no other purpose than to effectuate Section 10 of Article XII of the Constitution. It requires that the petition calling for the election shall be signed by one-fourth of the qualified electors who pay a tax on real or personal property, and that it shall define the boundaries of the proposed district. It requires the Board of Public Instruction to inspect the petition and if it embraces territory that would be more equitably served by some other existing public school in the county, not embraced in the territory included in the proposed district, it is made their duty to revise the boundaries before ordering the election, the district in no case to include territory not described in the original petition, and notice of such change shall be given in the notice of election. It is further required that the petition shall be published in a newspaper of general circulation throughout

the county once a week for four successive weeks and when so published it shall be presented to the Board of Public Instruction as the jurisdictional basis for its procedure.

Appellant challenges the validity of said statute on the ground that it does not afford her the notice contemplated by the Fourteenth Amendment to the Federal Constitution. She relies on Browning v. Hooper, 269 U. S. 396, 46 Sup. Ct. Rep. 141, 70 L. Ed. 330, to support her contention. Browning v. Hooper involved an Act creating road districts on the petition of fifty taxpayers in the district when approved by a vote of two-thirds of the taxpayers residing in it but no opportunity to be heard on the question of benefits was afforded the taxpayers. The right to be heard on the question of benefits is an essential prerequisite to the validity of the creation of a taxing district unless the Legislature or the municipality lays the tax for benefits directly.

In the case at bar the creation of a special tax school district is involved and the manner of its creation is not analogous to the procedure involved in Browning v. Hooper. The incorporation of special tax school districts as provided by the Constitution contemplates a need for additional school facilities and the amount of the tax within prescribed limits is fixed by the Constitution. The question of benefits was settled by the Constitution, the election provided by Section 702, Compiled General Laws of 1927, fixes the amount of such tax within the constitutional limitation but there is no such thing as a determination of benefits imposed in the Board of Public Instruction or any other body as there was involved in Browning v. Hooper. The question of benefits was determined when Section 10 of Article XII was approved by the people, it only remained for trustees to be designated, the district to be in-

corporated, and the Board of Public Instruction was required to see that no territory was embraced in a special tax district not tributary to the schools located therein. In its final analysis Section 720, *et seq.,* Compiled General Laws of 1927, under which special tax school district bonds are undertaken amount to nothing more than a voluntary undertaking on the part of the freeholders therein.

. It is not alleged that Special Tax School District No. 15 was illegal and irregularly created, that appellant's lands were illegally included therein, or that they are not tributary to some public school in the district. If she has a grievance for any of these reasons she may resort to a court of equity for relief but the question of benefits was foreclosed by the incorporation of the special tax school district if done in compliance with the Constitution and she is not entitled to notice as to that. It is as if the Legislature had imposed the tax directly.

It is next contended that freeholders whose only taxable property in the district is a homestead of less value than $5,000.00 are not eligible to vote in a special tax school district bond election as authorized by Section 579, Revised General Statutes of 1920, Section 720, Compiled General Laws of 1927.

This contention is predicated on the fact that at the general election in 1934, Article 10 of the Constitution of 1885 was amended by the addition of Section 7 thereto exempting homesteads to the value of $5,000.00 from all forms of taxation except special assessments for benefits, when owned by the head of a family residing in this State.

Section 17 of Article XII of the Constitution provides for special tax school districts to issue bonds for the exclusive use of public free schools therein "whenever a majority of the qualified electors thereof who are freeholders

shall vote in favor of the issuance of such bonds." Sections 579 to 582, Revised General Statutes of 1920, Sections 720 and 723, Compiled General Laws of 1927, provide the details to effectuate Section 17 of Article XII, but do not change the qualification for voting in such elections.

The 1934 Amendment to Article X and Section 17 of Article XII are not in conflict on this point. The latter limits those participating in special tax school district bond elections to qualified electors who are "freeholders." The mere fact that a freeholder has his homestead exempt to the value of $5,000.00 in no wise changes his status as a "freeholder" and being so would not affect his right to vote in such elections.

We are not called on to and do not here decide whether special tax school district taxes are "forms of taxation" or "special assessments" as contemplated by Section 7 of Article X but if they fall in the latter classification the status of the homestead owner for this purpose is not affected by the homestead exemption.

The judgment below is affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.