BOARD OF PUBLIC INSTRUCTION OF SARASOTA COUNTY, *et al.,* v. STATE, *ex rel.* THE WOMAN'S BENEFIT ASSOCIATION OF PORT HURON, MICHIGAN, etc.

166 So. 587.

Division A.

Case No. 1987.

Opinion Filed February 21, 1936.

Rehearing Denied March 30, 1936.

*John L. Early,* for Plaintiff in Error;
*J. Franklin Garner,* for Defendant in Error.

PER CURIAM.—Final judgment in mandamus was recovered by The Woman's Benefit Association of Port Huron, Michigan, a benevolent association, against the Board of Public Instruction of Sarasota County requiring the respondents below to disburse certain moneys on hand to forthwith pay the relator's coupons on production and surrender of the same for payment. The bonds involved were those of Special Tax District No. 1 of Sarasota County and it is alleged and shown that the moneys required to be disbursed were so raised as to become applicable to the special tax school district's bonded indebtedness, a portion of which consists of the bond coupons sued on in this case.

The consolidated funds of a special tax school district which has outstanding several separate bond issues, although such funds have been derived entirely from a single tax levy made to provide funds for the discharge of a series of maturing special tax school district bond issues, are subject to being compelled by mandamus to be applied to the demands of the holders of coupons of any one or more of the issues for which the single tax levy was made and collected, under the "first come, first served" rule of application, and such funds are not limited to being distributed *pro rata* only, although the aggregate funds may not be sufficient to

pay all who would be entitled to enforce their demands against the special tax school district funds on hand. State, *ex rel.* Supreme Forest Woodmen Circle v. Snow, 113 Fla. 214, 151 Sou. Rep. 393; City of Kissimmee v. State, *ex rel.* Ben Hur Life Ass'n, 121 Fla. 151, 163 Sou. Rep. 473; State, *ex rel.* Buckwalter, v. City of Lakeland, 112 Fla. 200, 150 Sou. Rep. 508; State, *ex rel.* Gillespie, v. Carlton, 103 Fla. 810, 138 Sou. Rep. 612; Sholtz v. State, *ex rel.* Winters, 121 Fla. 278, 163 Sou. Rep. 710; Sholtz v. State, *ex rel.* Davis, 121 Fla. 477, 163 Sou. Rep. 854; State, *ex rel.* Andrews, v. Sholtz, 121 Fla. 423, 162 Sou. Rep. 865; Sholtz v. State, *ex rel.* Ben Hur Life Assn., 122 Fla. 249, 165 Sou. Rep. 39.

There is no showing in this case that the obligor on the bonds, Special Tax School District No. 1 of Sarasota County, was created in violation of the principles stated in Browning v. Hooper, 269 U. S. 396, 46 Sup. Ct. Rep. 141, 70 L. Ed. 330. A special tax school district under the Constitution of Florida is something more than a special improvement district such as was discussed and dealt with in the last cited case decided by the United States Supreme Court, and therefore the principles of Browning v. Hooper, *supra,* do not necessarily apply to the creation of special tax school districts in this State. See: Lersch v. Board of Public Instruction for Orange County, 121 Fla. 621, 164 Sou. Rep 281 (decided November 27, 1935).

Respondent's objections to the right of relator to maintain this suit in the court below were properly disposed of adversely to plaintiffs in error on the authority of what was said in McMullen v. Inland Realty Cor., 113 Fla. 476, 152 Sou. Rep. 740, the doctrine of which we reaffirm and follow in this case as applicable to defendant in error.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

BROWN, J. (concurring).—As to the question concerning the legality of the proceedings for the formation of the district, I think that question was settled adversely to plaintiff in error's contention by the case of Board of Public Instruction of Dade County v. State, 164 So. 697, in which the writer dissented. Also, perhaps, by the case of Gaulden v. Bellote, 79 Fla. 104, 83 So. 866.