STATE, *ex rel.* WILLIAM G. WURN and CORREL L. HAMILTON, v. JACOB KASSERMAN, L. C. ERSTON ROYAL, W. B. FORSYTHE and MARK G. TREADWEII.

179 So. 410.

Division B.

Opinion Filed February 26, 1938.

*Scarlett & Futch,* for Relators;

*John D. Broome* and *Hull, Landis & Whitehair,* for Respondents.

BROWN, J.—This case is before us on a demurrer to an information in quo warranto and the motion to quash the rule to show cause issued herein.

This proceeding was commended here by petition for writ of quo warranto in the name of the State on the relation of William G. Wurn and Correll L. Hamilton, against Jacob Kasserman and four other persons who it is alleged are exercising the offices, franchises, liberties and powers of "City Managers" of the City of Lake Helen, Florida, claiming to be such by virtue of Chapter 18,639, Special Acts of 1937, which said Chapter purports to create the City of Lake Helen and to name the respondents as the City Board of Managers to serve until May 1, 1939, which said Special Act and Section 9 thereof, it is alleged are unconstitutional and void, and that the respondents have no title to the purported offices which they usurped because of the unconstitutionality of said Chapter as a whole and because of the unconstitutionality of Section 9 thereof which undertakes to name the said respondents as the City Board of Managers. The petition for the writ of quo warranto prays that the respondents be required to answer to the State by what warrant or authority of law they claim to exercise the offices, franchises and powers aforesaid.

The petition alleges that application had been made to the Attorney General for the use of his name as Attorney General in this behalf, which permission was denied.

This is not merely a question of the propriety of an information in the nature of quo warranto, properly sued out, to determine the right of these respondents to exercise the functions of the offices of City Managers of the City of Lake Helen. The question is, what right have these relators to institute such proceedings, in the light of the allegations contained in their "petition" for writ of quo warranto? In State, *ex rel.* Attorney General, v. Bryan, 50 Fla. 293, 39 So. 929, it was said that:

"Under the laws of this State, the Attorney General is as much the representative of the State of Florida in the Supreme Court as the King's Attorney General is his representative in the Court of King's Bench; indeed more so, as in the Court of King's Bench there are, for certain causes, more representatives of the King's Bench than the Attorney General; while here it is his sole duty to 'appear in, and attend to, in behalf of the State all suits or prosecutions, civil and criminal, or in equity, in which the State may be a party, or anywise interested, in the Supreme Court of this State.'"

Accordingly, except as modified by statute, the common law authorizes no person, however interested, to institute quo warranto proceedings in a case of this nature except through the Attorney General of the State of Florida.

Section 5447 C. G. L., 3582 R. G. S. of 1920, provides an exception to this common law rule, in that it provides that:

"Any person claiming title to an office which is exercised by another shall have the right, upon refusal by the Attorney General to institute proceedings in the name of the State upon such claimant's relation, * * *, to file an information or institute an action in the name of the State against the person exercising the office, setting up his own claim. In this case the court is authorized and required to determine the right of the claimant to the office, if he so desires. However, in this, as well as in all other proceedings of this character, no person shall be adjudged entitled to hold an office except upon full proof of his title to the office."

It at once appears that these relators do not come within the exception. They are not claiming title to the office of "City Managers" which are being exercised by the respondents. They are in effect claiming that no such offices exist,

because the municipality established by the Act and the section thereof which provides for such offices, have no legal existence, and that therefore the respondents have no lawful right to exercise the functions and franchises of said office. Thus the relators are not "claiming title to an office which is exercised by another," within the purview of said Section 5447 C. G. L., because they say there is no such office legally existing. So the information or petition as it is styled in this case is clearly demurrable. State, *ex rel.* Spafford, v. Kennerly, 26 Fla. 608, 8 So. 310. As stated in the cited case, it was not the purpose of this section of the statutes to vest any and every one with the official powers and duties of the Attorney General upon the refusal of that officer to institute quo warranto proceedings against the incumbent of an office.

Not only are the relators not claiming title to the offices held by the respondents, but they are not shown to be citizens and taxpayers of the City of Lake Helen, or even of the State of Florida. So the petition shows no right in the relators to institute the proceedings.

But assuming that, by alleging in the body of the petition that they are "commissioners of the City of Lake Helen," presumably under a former charter Act, it may be implied that they are citizens of said City, this is not such an interest as entitled them to institute this proceeding. See State v. Gleason, 12 Fla. 190; State v. Markle, 107 Fla. 742, 142 So. 822 State v. Fernandez, 106 Fla. 779, 143 So. 638; State v. Noel, 154 So. 214, 114 Fla. 175; State v. City of Sarasota, 109 So. 473, 92 Fla. 563.

In the case of State v. City of Sarasota, *supra,* it was said:

"The right to exercise a municipal franchise can not be challenged by the individual citizen. The right to be a

municipal corporation is a franchise which the state may grant or withhold at its pleasure, and the right to institute proceedings against an existing *de facto* municipal corporation to arrest the usurpation of such a franchise by filing an information in the nature of a quo warranto, the substitute for the ancient prerogative writ of quo warranto, is in the discretion of the Attorney General. Robinson v. Jones, 14 Fla. 256; State v. Gleason, *supra;* Dillon on Munic. Corp. 5th Ed. Section 1560. * * * No collateral attack can be made upon the existence of municipal corporations. Enterprise v. State, 29 Fla. 128, 10 So. 740; Albuquerque v. Water Co., 5 A. L. R. 519; 17 Encyc. Pldg. & Prac. 408."

But we are not dealing here with the mere right of a citizen or taxpayer to institute proceedings questioning the right of an individual to hold a public office. What we are really dealing with is a proceeding which in effect questions the corporate existence of a municipality. The gravamen of the petition and the reason assigned for the alleged usurpation of authority, is that the Act creating the City of Lake Helen is unconstitutional. In such latter case the proceedings must be instituted by the Attorney General of the State. State v. Gleason, *supra;* Robinson v. Jones, 14 Fla. 256; State v. City of Sarasota, 109 So. 473, 92 Fla. 563; State v. City of Cedar Keys, 122 Fla. 454, 165 So. 673; 22 R. C. L. 695, 696; Standard Encyc. Proc. Vol. 22, p. 59. And in High's Extraordinary Legal Remedies (2nd) at page 55, it is said:

"The information will not lie against a municipal official, as the Mayor of a City, where the real purpose of the allegation is to test the legality of the municipal charter, since the courts will not permit a charter to be repealed in a proceeding directed, not against the corporation, but against an individual corporator or official."

In other words, where the purpose or effect of the proceeding is to attack the validity of the municipal corporation and the legal existence of its franchises, the proceedings can be brought only by the Attorney General in the name of the State, and such a proceeding cannot be instituted by private individuals.

It follows that the demurrer to the petition must be sustained and the motion to quash rule nisi granted.

It is so ordered.

WHITFIELD, P. J., and CHAPMAN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.